FILED
IN CLERK'S OFFICE
DISTRICT COURT E.D.N.Y.

★ APR 09 2012 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SUMMONS ISSUED

PATRICK SAUNDERS )
)
Plaintiff, )
)
vs. )
)
GC SERVICES, LP, GC FINANCIAL )
CORP., AND DLS ENTERPRISES, INC. )
)
Defendants. )
_____ )

Case No. CV12 - 1767

MAUSKOPF, J.

**COMPLAINT**

**Jury Trial Demanded**

GOLD, M.J.

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

## PARTIES

4. Plaintiff, Patrick Saunders ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of Kings, and City of Brooklyn.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant GC Services Limited Partnership ("GC Services") is a foreign limited partnership formed under the laws of Delaware. GC Services is registered to do, and doing, business in this district.

4. GC Services is the largest private collection agency in North America, operating thirty-six (36) offices, employing more than 10,000 individuals, and managing over 8.5 million open third-party debt collection accounts.

5. GC Services is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant GC Financial Corp. ("GC Financial") is a foreign for-profit corporation and the general partner of GC Services Limited Partnership.

8. GC Financial is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

9. Defendant DLS Enterprises, Inc. ("DLS"), doing business under the assumed fictitious name GC Services Corp., is a foreign for-profit corporation and the general partner of GC Services.

10. DLS is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

11. GC Services, GC Financial Corp., and DLS, ("Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

12. By virtue of their status as "debt colletor[s]" under the FDCPA, GC Financial and DLS are each separately liable for GC Services' violations of the FDCPA. *Strasters v. Weinstein & Riley, P.S.*, 2011 WL 3320583, at *3 (E.D. Wash. Aug. 2, 2011) ("Of the cases addressing the issue, most find that multiple defendants are each separately, rather than joint and severally, liable for [statutory damages of up to $1,000]."); *Jones v. Investment Retrievers*, LLC, No. 3:10-CV-1714, 2011 WL 1565851, at *8 (M.D. Pa. Apr. 25, 2011) ("[T]he plaintiff is limited to $1,000 per defendant per filed action, for a total of $2,000 in the present action. . . . The clear language of this provision requires that a maximum of $1,000 may be awarded against any debt collector in an action."); *Gamboa v. Carruthers*, No. 8:10-cv-1473-T-24-MAP, 2010 WL 4823671, at *1 (M.D. Fla. Nov. 19, 2010) ("Accordingly, Plaintiff is awarded the maximum damages of $1,000 per defendant under each statute for a total of $2,000 per defendant."); *Ganske v. Checkrite, Ltd.*, No. 96-C-0541-S, 1997 WL 33810208, at *5 (W.D. Wis. Jan. 6, 1997) ("statutory damages pursuant to § 1692k(a) may be imposed against more than one defendant in a single proceeding").

## FACTUAL ALLEGATIONS

13. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than GC Services.

14. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than GC Services, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the

obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than GC Services.

15. GC Services uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

16. In connection with collection of an alleged debt in default, GC Services sent initial written communication to Plaintiff dated November 14, 2011, and at such time, demanded $549.34 for payment of account number 1720515, a debt allegedly owed to Credo, a cellular services provider.

17. Plaintiff faxed a dispute letter to GC Services on November 28, 2011 at 4:39 A.M.

18. Despite having received Plaintiff's dispute letter, and without having first sent validation to Plaintiff, GC Services sent written communication to Plaintiff dated December 14, 2011 and demanded therein payment from Plaintiff in the amount of $415.66 for account number 1720515.

19. Plaintiff did not make any payments on account number 1720515, related to a debt allegedly owed by Plaintiff to Credo, between November 14, 2011 and December 14, 2011.

20. GC Services' actions constitute conduct highly offensive to a reasonable person, and as a result of GC Services' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## ALL DEFENDANTS

21. Plaintiff repeats and re-alleges each and every allegation contained above.

22. GC Services violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt.

23. GC Financial, by virtue of its status as a debt collector, is separately liable for actions of GC Services.

24. DLS, by virtue of its status as a debt collector, is separately liable for actions of GC Services.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that GC Services violated 15 U.S.C. § 1692e(2)(A);

b) Adjudging that GC Financial and DLS are separately liable for the actions of GC Services;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per Defendant;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

25. Plaintiff repeats and re-alleges each and every allegation contained above.

26. GC Services violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

27. GC Financial, by virtue of its status as a debt collector, is separately liable for actions of GC Services.

28. DLS, by virtue of its status as a debt collector, is separately liable for actions of GC Services.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that GC Services violated 15 U.S.C. § 1692e(10);

b) Adjudging that GC Financial and DLS are separately liable for the actions of GC Services;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(b)

29. Plaintiff repeats and re-alleges each and every allegation contained above.

30. GC Services violated 15 U.S.C. § 1692g(b) by after having received a written communication from Plaintiff disputing the debt, continuing to contact Plaintiff without having first having provided validation of the debt.

31. GC Financial, by virtue of its status as a debt collector, is separately liable for actions of GC Services.

32. DLS, by virtue of its status as a debt collector, is separately liable for actions of GC Services.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that GC Services violated 15 U.S.C. § 1692g(b);

b) Adjudging that GC Financial and DLS are separately liable for the actions of GC Services;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

g) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

33. Plaintiff is entitled to and hereby demands a trial by jury.

This 2nd day of April, 2012.

ATTORNEYS FOR PLAINTIFF
*PATRICK SAUNDERS*

Respectfully submitted,

Dennis R. Kurz
NY Bar No. 4570453
*Weisberg & Meyers, LLC*
Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
 Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

*Weisberg & Meyers, LLC*
80 Broad Street, 5th Floor
New York, NY 10004

***Please send correspondence to the address below***

Dennis R. Kurz
NY Bar No. 4570453
*Weisberg & Meyers, LLC*
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012